Day, J.
This is a proceeding to try the title to the office of street commissioner of the city of Cincinnati. The solution of the question depends upon the construction to be given to the municipal code, which was passed May 7th, and took effect July 1st, 1869. The 61st section provides that the officers of the city shall consist of a mayor, solicitor, treasurer, street commissioner, police judge, attorney, and clerk of the police court, all of whom shall be elected; and that certain other officers therein named shall be appointed by the mayor and city council. The 62d section provides that “ All officers, who are elected, shall serve for two years, and until their successors are elected and qualified.”- In the 66th section it is provided, that “ all elections to fill vacancies shall be for the unexpired term;” and, in the 71st section, it is provided that special elections “ shall be held within twenty days after a vacancy happens,” etc. The 70th section provides that, “ The first Monday la April shall be the regular annual period for the election of all ” the elective officers. The 728th section continued the existing city officers, upon whom duties were imposed by the act, in their respective *258 offices, after it took effect, for the unexpired terms to which they had been elected.
The office of street commissioner was created by the 61st section of the code, and, when it took effect, it is conceded, there was no incumbent; nor was there, as the law then stood, any special provision for the election of the newly created officer.
If the election of July 12,1869, was unauthorized by law, the relator cannot claim that he has been unlawfully deprived of the office which he held by virtue of that election; .for the incumbent holds under the regular annual election of the first Monday of the following April, which was expressly authorized by the statute.
Put if it be granted that there was such a “ vacancy ” in the office as might be filled by a special election, the question arises: What was the limit of the term to be filled % It cannot be that of a full term of two years, for the authority to fill “ vacancies” applies to a fractional or “unexpired term” after a vacancy happens. Moreover, the statute contemplates that all elections for a full term shall be on the first Monday in April; for, otherwise, there would be no “ regular annual .period ” for the election of municipal officers, as required by the 70th section of the act. Nor was there an “ unexpired term ” of any definite period to be filled, as will always be the case when a vacancy “ happens ” during the term of an office, -for the term cannot be supposed to have commenced, as is claimed, before the code took effect.
Inasmuch, then, as the election could not be for a full term, and as the vacancy was not properly that of an “ unexpired term,” remaining “ after a vacancy happens,” within the strict meaning of the statute, the reasonable limitation of the term or period of the vacancy to be filled must be to the time when the office can be filled by a regular election, in accordance with the express provisions of the statute. Any other construction would be opposed to the obvious policy of the municipal code, that the'terms of elective officers should begin at the period of the regular election, and would .greatly increase the expense and inconvenience of its admin *259 istration, by necessitating intermediate elections of officers and a complication of the various duties imposed on the city authorities.
This limitation of the period of the vacancy to be filled by the special election of July 12,1869, it would seem from the agreed statement of facts, accords with the understanding of the relator and the people when he was elected; and it was also so far acquiesced in by him, that he became a candidate for the office at the regular election of the following April, when the defendant was elected, who has since qualified and entered upon the duties of the office. In this state of the case the plaintiff should be required to show a clear right to the office he claims to hold before he is entitled to a judgment of ouster against the incumbent. This we think he fails to do. The information must, therefore, be dismissed.
Brinkerhoff, C.J., and Scott, Welch, and White, JJ., concurred